# UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| CAROLYN HOPKINS, ) | |
| ) | Case No. 06-50684-SCS |
| *Debtor*. ) | |
| ) | |
| ) | |
| CAROLYN HOPKINS, ) | |
| ) | APN 08-5012-SCS |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| EDUCATIONAL CREDIT MANAGEMENT ) | |
| CORPORATION, ) | Chapter 7 |
| UNITED STATES DEPARTMENT OF ) | |
| EDUCATION, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## MEMORANDUM OPINION

This matter comes before the Court upon the Motions to Reopen the underlying bankruptcy case and the above-captioned adversary proceeding and the Motion to Reconsider by the Pro Se plaintiff and Debtor, Carolyn Hopkins ("the Debtor"). The Debtor filed a letter on May 20, 2009, which the Court treated as Motions to Reopen and a Motion to Reconsider. On May 26, 2009, counsel for both of the defendants filed objections to the Motion to Reconsider. The Debtor has filed no replies to the objections of the defendants to the Motion to Reconsider.

### I. PROCEDURAL HISTORY

The Debtor filed a petition under Chapter 7 of the Bankruptcy Code on November 20, 2006. The Chapter 7 Trustee, after performing her statutory duties, filed a Report of No Distribution on February 12, 2007. The Debtor received her discharge on March 6, 2007, and the case was closed

on March 12, 2007. On May 27, 2008, the Debtor filed a motion requesting that the Court reopen her bankruptcy case to allow her to seek a determination of dischargeability of her student loan debt. The motion was granted at a hearing held on July 11, 2008, and the Court treated a letter filed by the Debtor on April 7, 2008, while the bankruptcy case was still closed, as a complaint to determine the dischargeability of her student loan debt.[1] Educational Credit Management Corporation ("ECMC") filed an answer to the complaint on July 19, 2008.

A pretrial conference was held on September 12, 2008, at which the Debtor and counsel for ECMC appeared. Upon agreement of the parties, the Court established a trial date of December 12, 2008, at 10:30 a.m. The Court entered a Pretrial Order on September 16, 2008, which was sent to the Debtor and to counsel for ECMC. The Pretrial Order set forth, among other details, the trial date; deadlines for compliance with the discovery process; and deadlines for the exchange and submission of exhibits and a list of witnesses between the parties and to the Court prior to trial. The Pretrial Order also warned, "[F]ailure to comply with this Order shall result in the imposition of appropriate sanctions, including the preclusion of evidence and the entry of judgment by default."

The Debtor filed a list of exhibits on November 12, 2008, and filed her exhibits on November 18, 2008. ECMC filed a Motion for Partial Summary Judgment on November 24, 2008, and filed exhibit and witness lists on November 26, 2008. The Debtor filed additional exhibits on December 2, 2008.

The Court conducted a telephonic status conference on December 4, 2008, with the Debtor

---

[1] The Debtor originally named Sallie Mae and the William D. Ford Federal Direct Loan Program as the defendants in this matter. Upon consideration of a Motion to Approve Substitution of Party Defendant due to Transfer of Interest by Educational Credit Management Corporation ("ECMC"), this Court entered an order on July 29, 2008, substituting ECMC for defendant Sallie Mae.

and counsel for ECMC. The Court informed the parties that, upon review of the documents and exhibits submitted for the trial, the Court had determined that the Debtor did not serve the United States Department of Education as a defendant to the complaint. Counsel for ECMC stated he had no objection to the Debtor amending the complaint to add or substitute the United States Department of Education as a defendant.[2] The Court continued generally the trial and the hearing on ECMC's Motion for Partial Summary Judgment that were scheduled for December 12, 2008, to allow the Debtor to amend her complaint and properly serve the United States Department of Education. The Court entered an order on December 10, 2008, substituting the United States Department of Education for the William D. Ford Federal Direct Loan Program. The Court entered a separate order on December 22, 2008, continuing the trial and the hearing on ECMC's Motion for Partial Summary Judgment generally.

The Debtor filed an amended complaint on December 18, 2008, naming ECMC and the United States Department of Education as defendants. A second pretrial conference was scheduled for February 13, 2009. Notice of the pretrial conference was sent to the Debtor's address of record on December 23, 2008. The United States Department of Education filed an answer to the amended complaint on January 26, 2009.

The second pretrial conference was held on February 13, 2009, at which counsel for the

---

[2] The necessity for the addition of the United States Department of Education as a party defendant arose due to the Debtor seeking the entry of discharge of at least ten student loans (as evidenced by her exhibits and discovery responses submitted subsequent to the initial pretrial conference), of which three were held by the United States Department of Education. The Debtor's failure to join the United States Department of Education as a party defendant to the original complaint would have caused the Debtor to file a subsequent dischargeability complaint against the United States Department of Education, prepare for a second trial, and, likely, to present the identical case a second time had the Court not permitted an amended complaint to be filed.

United States Department of Education appeared. The Debtor did not appear. The Court established a trial date of May 1, 2009, at 9:30 a.m. On February 19, 2009, the Court entered an Amended Pretrial Order that stated in bold print "[T]he trial of this matter shall be held in the United States Bankruptcy Court, 2400 West Avenue, Newport News, Virginia, beginning at 9:30 a.m. on May 1, 2009." The order was identical to the original Pretrial Order except for the modification of the trial date and the deadlines for discovery and the submission of motions prior to the trial. The Amended Pretrial Order was mailed to the Debtor at her address of record on February 21, 2009.

On March 31, 2009, the United States Department of Education filed a Motion to Compel Discovery and a Motion to Expedite Hearing based upon the Debtor's failure to respond to discovery requests. The Court granted the Motion to Expedite Hearing, and on April 10, 2009, the Court held a hearing on the Motion to Compel. The Debtor failed to appear at that hearing.[3] The Court granted the Motion to Compel and scheduled a hearing for the May 1, 2009, trial date on the motion by the United States Department of Education to exclude the Debtor's evidence. On April 14, 2009, the Court entered the Order Granting Motion to Compel Discovery Responses; that order also stated that a hearing would be held on the May 1, 2009, trial date on the Motion to Exclude Evidence

A trial in this matter was held on May 1, 2009, commencing at 9:30 a.m. Counsel for the United States Department of Education and counsel for ECMC were present, but the Debtor failed to appear without explanation. The Court dismissed the adversary proceeding with prejudice for failure to prosecute and entered an order memorializing that ruling on May 1, 2009. Following entry

---

[3] As stated in the Order Granting Motion to Compel Discovery Responses, the Debtor "called the courthouse before the hearing to say she would not be able to attend the hearing because of her son. She stated that she could attend later, but gave no time frame. The Court heard nothing further from the [Debtor] and decided to proceed with the hearing."

4

of that order, the adversary proceeding and the underlying bankruptcy case were both closed.

On May 20, 2009, the Debtor filed a letter that the Court treated as Motions to Reopen both the underlying bankruptcy case and the above-captioned adversary proceeding and a Motion to Reconsider this Court's order dismissing the adversary proceeding with prejudice. In the letter, the Debtor stated the following with regard to her absence at the trial: "I honestly thought the hearing was on May 22nd, which I had marked on my calendar." The Debtor did not further address why she thought the trial was scheduled for May 22. The remainder of the Debtor's letter sets forth statements in support of her request to discharge her student loan debt.

In its Objection to the Debtor's Motion to Reconsider, ECMC argues that the Debtor has not shown good cause for setting aside the order dismissing the adversary proceeding as she has not shown mistake, inadvertence, surprise, or excusable neglect as defined under Federal Rule of Civil Procedure 60(b) for her failure to appear for trial. ECMC further asserts that it incurred significant expenses and attorney fees in preparing for and attending the trial and would be prejudiced and incur additional costs and fees for attending another trial if the Debtor's motion was granted.

The United States Department of Education asserts in its objection to the Debtor's Motion to Reconsider that the Debtor's motion was not timely filed under Federal Rule of Civil Procedure 59(e), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9023, as it was not filed within ten days of the date of entry of the order dismissing the matter. The United States Department of Education further argues that even if the Court construes the Debtor's motion under Federal Rule of Civil Procedure 60(b)(1), the Debtor cannot show that her failure to prosecute her adversary proceeding was due to excusable neglect. As to the latter argument, the United States Department of Education asserts that in several instances, its counsel made the Debtor aware of the

trial date, including by voice mail message on April 10, 2009, following the hearing on the Motion to Compel Discovery; by mail service of the hearing minutes from the hearing on the Motion to Compel Discovery; and by inclusion of the trial date on several documents filed in the adversary proceeding and served upon the Debtor, including witness and exhibit lists. Thus, the United States Department of Education contends that the Debtor's assertion that she thought the trial was scheduled for May 22, 2009, is not plausible. The United States Department of Education also argues that, based upon its exhibits, which were not objected to by the Debtor, the Debtor's cause of action is not meritorious due to her failure to consider loan consolidation or income contingent repayment options; her numerous, unnecessary expenses; and her action of gifting an automobile to her mother and son. Finally, the United States Department of Education asserts that prejudice will result to the defendants since both defendants previously prepared for trial and counsel for ECMC incurred travel expenses to attend the trial.

The Debtor did not file a reply to the defendants' objections. For the reasons set forth below, the Court finds that Motions to Reopen both the underlying bankruptcy case and the above-captioned adversary proceeding should be denied and that the Motion to Reconsider is deemed mooted by the denial of the Motions to Reopen. The Court did not hold oral argument on these motions, as such would not aid the decision-making process.

## II. CONCLUSIONS OF LAW

This Court has previously addressed the question of when it is proper for the Court to reopen a case.

> Under § 350(b) of the Bankruptcy Code, there are three conditions in which the court can grant the reopening of a bankruptcy case: to administer assets; to accord relief to the debtor; and for other cause. *Huennekens v. Greene* (*In re Dove*), 199 B.R. 342, 345 (Bankr. E.D. Va. 1996). Notwithstanding the three prongs of §

> 350(b), it is axiomatic that the court has final discretion in deciding whether to reopen a case. *In re Shelton*, 201 B.R. 147, 151 (Bankr. E.D. Va. 1996); *In re Walker*, 198 B.R. 476, 478 (Bankr. E.D. Va. 1996) (citing *Thompson v. Virginia* (*In re Thompson*), 16 F.3d 576, 581–82 (4th Cir. 1994); *Hawkins v. Landmark Fin. Co.* (*In re Hawkins*), 727 F.2d 324, 326 (4th Cir. 1984)). According to Judge Tice, a court will invoke its discretion and deny the reopening of a bankruptcy case "where it appears that to do so would be futile and a waste of judicial resources." *In re Carberry*, 186 B.R. 401, 402 (Bankr. E.D. Va. 1995).
>
> In discussing the gravity of reopening a bankruptcy case, the Fourth Circuit has stated that:
>
>> [R]e-opening defeats one of the major purposes of the Bankruptcy Act; to stabilize an insolvent debtor's financial position at the time of the filing of the petition, to relieve him of his existing financial burdens, and to provide his then assets for the relief of his creditors. Re-opening removes the element of certainty from the adjudication and settlement of the estates. It is as essential to the creditors as it is desirable to the bankrupt that this element of certainty be destroyed only for the most compelling cause.
>
> *Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir. 1962). "Before reopening a case, the court should make the threshold determination that one of the three grounds articulated in § 350(b) exists." *In re Lee*, 356 B.R. 177, 180 (Bankr. N.D. W. Va. 2006). Among the factors that courts consider when making a determination under § 350(b) are the delay between the closing of the case and the motion to reopen as well as the prejudice that it would cause to nonmovant. *See, e.g.*, *Reid*, 304 F.2d at 355; *In re Paul*, 194 B.R. 381, 383 (Bankr. D.S.C. 1995). To grant a motion to reopen "[t]he moving party must demonstrate that there is a compelling cause. There is no cause if reopening would serve no purpose." *Horizon Aviation of Va., Inc. v. Alexander*, 296 B.R. 380, 382 (E.D. Va. 2003) (citing *In re Carberry*, 186 B.R. at 403).
>
> The moving party . . . has the burden to demonstrate that there is a sufficient legal basis to reopen the case. *In re Hardy*, 209 B.R. 371, 374 (Bankr. E.D. Va. 1997) (citing *In re Winburn*, 196 B.R. 894, 897 (Bankr. N.D. Fla. 1996)).

*In re Parson*, Case No. 01-73786, 2007 WL 3306678, at *7 (Bankr. E.D. Va. Nov. 6, 2007)

(unpublished), *aff'd*, Civil Action No. 2:07cv562 (E.D. Va. May 7, 2008).

The Debtor requests this Court to reopen her bankruptcy case and adversary proceeding to

seek relief, i.e., a determination of the dischargeability of her student loan debt, and thus, the

threshold determination under § 350(b) is met. As to the time period between the closing of the case and the filing of the motion to reopen, nineteen days elapsed between the date the case was closed and the date on which the Debtor filed the instant motions. While this is not a lengthy time period, this lapse of time weighs slightly against granting the Motion to Reopen. Regarding the prejudice element, the Court finds that the defendants would be prejudiced if the Court granted the Debtor's second Motion to Reopen. Counsel for both defendants complied with the deadlines set forth in the pretrial order issued by the Court, including the filing of witness lists, exhibits, and pretrial motions. Counsel for both defendants appeared on the trial date prepared to proceed with the trial of this matter. Counsel for ECMC incurred travel expenses to attend the hearing. To grant the Debtor's motion would reward her failure to appear not only at the trial, but also exhibit tolerance for the Debtor's failure to appear at both the second pretrial conference and the hearing on the Motion to Compel Discovery filed by the United States Department of Education.

Further, the Debtor has not shown "compelling cause" and has failed to carry her burden in demonstrating "a sufficient legal basis to reopen the case." In examining this element, the Court must examine the standard of determination for a motion to reconsider and assess whether the Debtor has offered sufficient cause to allow this Court to reconsider its previous ruling dismissing the adversary proceeding. This Court has previously addressed at length the standards for reconsideration under Federal Rule of Civil Procedure 60, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9024.

> Under Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60, a party may be granted relief from a judgment or order either for clerical mistakes (Fed. R. Civ. P. 60(a)); or "mistake, inadvertence, surprise, or excusable neglect" (Fed. R. Civ. P. 60(b)(1)); newly discovered evidence (Fed. R. Civ. P. 60(b)(2)); "fraud . . ., misrepresentation, or other misconduct of an adverse party" (Fed. R. Civ. P. 60(b)(3)); "the judgment is void," (Fed. R. Civ. P. 60(b)(4));

"the judgment has been satisfied, released, or discharged," (Fed. R. Civ. P. 60(b)(5)); or "any other reason justifying relief from the operation of the judgment" (Fed. R. Civ. P. 60(b)(6)).

At the threshold, the moving party must act in a timely fashion; demonstrate that the non-moving party would not be prejudiced by the relief requested; and offer to the Court a meritorious defense. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988) (citing *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 897 (4th Cir. 1987)). Further, while there is a "manifest preference for trials on the merits," courts must balance this preference with the "interests in finality and repose." *United States v. Moradi*, 673 F.2d 725, 727-28 (4th Cir. 1982); *see also Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997) ("[D]efault judgments pit the court's strong preference for deciding cases on the merits against countervailing interests in finality and in preserving the court's ability to control its docket."). Additionally, courts should consider whether the party has a history of dilatory action and whether a less drastic sanction is available. *Moradi*, 673 F.2d at 728.

As to the prejudice factor, this element is sometimes regarded with less importance than the factors addressing timeliness in filing a motion under Rule 60 and whether a meritorious defense has been demonstrated. *See Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993); *see also Augusta Fiberglass Coatings*, 843 F.2d at 812 ("[W]e perceive no disadvantage to [the non-moving party] beyond that suffered by any party which loses a quick victory."). At least one court has found that a non-moving party suffers prejudice to the extent that it incurs attorney fees in the process of preparing for hearings or trials prior to the entry of the default judgment and in responding to a motion to set aside a default judgment. That court conditioned the vacation of a default judgment upon the moving party reimbursing the non-moving party for its attorney fees. *See McCullough v. I.P., L.L.C.* (*In re Trexler*), 295 B.R. 573, 579 (Bankr. D.S.C. 2003), *affirmed in part and reversed in part on other grounds*, No. Civ. A. 3:03-3181-10, 2004 WL 1474660 (D.S.C. Apr. 15, 2004) (unpublished decision).

A meritorious defense "requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings*, 843 F.2d at 812. In other words, the moving party is required to show that the outcome after a trial on the merits would be different than that result achieved by the default. *Id.* To be sure:

> [I]t is not necessary for the moving party to establish that it will prevail on the merits of the defenses raised; all that is necessary is that the moving party make a proffer of evidence which would permit a finding in his or her favor. A proffer of evidence requires more than a mere claim of a defense; rather, it involves the assertion of

9

       facts or law by testimony or affidavit, on which the defense is based.

*In re Trexler*, 295 B.R. at 578.

       If these threshold requirements are met, the Court must then determine whether the Plaintiff has met her burden under Rule 60(b). *See id.* at 577 ("Once the [threshold requirements] have been met, the moving party must next satisfy one of the six grounds for relief set forth in Rule 60(b)."). . . .

       Granting judgment by default is an extraordinary remedy, such that "'any doubt as to the propriety of giving relief must be resolved in the movant's favor when the movant bears no personal responsibility for the error which led to the default.'" *Point PCS, LLC v. Sea Haven Realty & Constr.*, 95 Fed. Appx. 24, 27 (4th Cir. 2004) (unpublished) (quoting *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988)). To this extent, the Fourth Circuit Court of Appeals has established two analytical approaches for examining cases under Rule 60(b) where a default judgment has been entered: "(1) those that involve a blameless party and a blameworthy attorney, and (2) those that involve a blameworthy party." *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997). As to the former, the Fourth Circuit has stated that where the attorney is at fault and the party is blameless, the court's interest in reaching the merits of the case should prevail, and a default judgment should ordinarily be set aside. However, in those instances in which the party is at fault, a stricter analysis rightly applies, such that the court's interest in finality and efficiency takes precedence, and "the party must adequately defend its conduct in order to show excusable neglect." *Id*. (citing *Augusta Fiberglass Coatings*, 843 F.2d at 811).

       Rule 60(b)(1) permits relief from judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect. The United States Supreme Court has articulated four elements to be considered in determining whether excusable neglect has been shown: "(1) danger of prejudice to the [non-movant]; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable 'neglect.'" *Id*. at 392. Under the standard established by the Fourth Circuit, because the Plaintiff's actions caused the default judgment to be entered against her, she "must adequately defend [her] conduct in order to show excusable neglect." *Heyman*, 116 F.3d at 94 (citing *Augusta Fiberglass Coatings*, 843 F.2d at 811). Further, regarding the first three grounds under Rule 60(b)(1), the moving party must establish why he or she was justified in failing to avoid the mistake, inadvertence, or surprise. *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 60 F.3d 823 (4th Cir. 1995) (unpublished table decision); *Park Corp. v.*

*Lexington Ins. Co.*, 812 F.2d 894, 896-97 (4th Cir. 1987).

> Under Rule 60(b)(6), a party may be granted relief from judgment for "any other reason justifying relief from the operation of the judgment." This provision has been described as the "catch-all provision," as it provides courts with a source of equitable power where the situation so warrants. *Plogger v. IMC Mortgage Co.* (*In re Plogger*), 240 B.R. 243, 247 (Bankr. W.D. Va. 1999). Courts have generally held the movant must demonstrate "extraordinary circumstances" for a court to grant relief under this provision. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 fn.11 (1988) (citing *Klapprott v. United States*, 335 U.S. 601, 613 (1949)).

*McCain v. Educ. Credit Mgmt. Corp.* (*In re McCain*), 353 B.R. 452, 459-61 (Bankr. E.D. Va. 2006) (footnote omitted).

Like the debtor in *In re McCain*, the Debtor in the instant matter does not allege any basis for reconsideration that could be construed as moving for reconsideration due to a clerical mistake under Federal Rule of Civil Procedure 60(a), nor does she allege any basis for reconsideration that could be construed as requests for relief under either Rules 60(b)(2), (b)(3), (b)(4), or (b)(5). Thus, if the threshold burden is satisfied, the Court must then determine whether the burden under Rule 60(b)(1) or Rule 60(b)(6) of the Federal Rules of Civil Procedure has been satisfied.

The Debtor timely filed her Motion to Reconsider. Rule 60(b) requires that a movant file her motion within one year after entry of judgment when the movant is relying upon Rule 60(b)(1) as her grounds for relief from judgment, and the instant motion was filed nineteen days after entry of the order dismissing the adversary proceeding.

The Debtor has failed to show that the defendants would not be prejudiced if the Court were to grant the Motion to Reconsider. The defendants were prepared to proceed with the trial of this matter on May 1, 2009. Defendant ECMC prepared twice for the trial in this case. Both defendants complied with the deadlines related to the filing of witness lists, exhibits, and pretrial motions. Counsel for defendant ECMC expended time traveling from Maryland to Newport News, Virginia,

to attend the trial. The defendants should not be made to prepare multiple times for a trial because the Debtor repeatedly failed to appear in Court for hearings and for trial.

Even if little weight is afforded to the element of prejudice to the non-moving party, the Debtor has also failed to set forth a meritorious defense and therefore cannot meet the threshold requirements to obtain relief from judgment. The Debtor outlines in her motion certain medical issues suffered by her son, for whom she is the sole caretaker, and that she has suffered a salary reduction due to taking time off from work. These statements may represent facts that could have been adduced at a trial on the merits, but such statements do not rise to the level necessary to serve as a meritorious basis in support of the relief the Debtor sought in her complaint. With the Debtor having failed to meet the threshold requirements under Rule 60, the Court finds that the Debtor would not be entitled to relief from judgment.

Even if the Court had found that the Debtor met the threshold burden, the Court would have found that the Debtor still failed to satisfy the requirements set forth under Rule 60(b). As in *In re McCain*, "[t]he Court finds that the stricter analysis commanded by the Fourth Circuit must be employed here, as this matter does not involve a 'blameworthy attorney,' but rather, a 'blameworthy party'; thus, the Court must place its interests in finality and efficiency at the forefront, and the Plaintiff must show that her conduct is adequately defensible to show excusable neglect." *In re McCain*, 353 B.R. at 463 (citing *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997)).

The Debtor's explanation for not appearing at the trial, that she thought the trial date was three weeks subsequent to the actual trial date, does not rise to the level that the Court can find excusable neglect by the Debtor. The issue of prejudice to the defendants has been addressed above. The length of the delay, nineteen days between the trial date and the date on which the Court

received the Debtor's letter, is not an extraordinary amount of time and would not have a significant impact upon the proceedings. The Debtor does not address why she did not file her motions with the Court sooner than nineteen days after the trial date. The Debtor had ample opportunity to confirm the trial date, and as set forth above, was advised of the trial date not only by the Court but also by counsel for the United States Department of Education in several pleadings it filed. At no point in time did the Debtor undertake any communication to the Court that she would be unavailable on the appointed trial date. A review of the record in this case clearly shows that there was no filing deadline, trial, or hearing of any nature on May 22. The fact that the Debtor incorrectly calendared the trial date was a circumstance well within the Debtor's control. The Court is also mindful that the Debtor failed to appear at two other hearings in this matter and failed to respond to the discovery requests of the United States Department of Education. These facts all speak toward the lack of good faith of the Debtor. In her motion, the Debtor states that it took much time to gather verification of her financial obligations and to respond to discovery requests. However, the Debtor supplies no other statements that would allow this Court to find that she acted in good faith in pursuing this action.

Therefore, the Court finds that the Debtor has failed to establish that excusable neglect exists such that she should be granted relief from judgment. All of the factors set forth above also convince the Court that it "cannot allow any lesser sanction than to allow the entry of the [order] to stand, as the Court cannot reward the Plaintiff's actions and thereby encourage others to disregard procedural requirements." *In re McCain*, 353 B.R. at 464 (citing *Wyche v. Virginia State Univ.*, No. Civ. A. 3:04CV766, 2005 WL 1126829, at *2 (E.D. Va. May 12, 2005); *Taylor v. Fresh Fields Mkts., Inc.*, No. Civ. A. 94-0055-C, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996) (unreported

decision)). The Court finds that the Debtor has also failed to show mistake, inadvertence, or surprise, for the same reasons that she has failed to meet her burden as to excusable neglect.

Likewise, the Debtor offers no reasons that warrant granting relief under Rule 60(b)(6). As the Court stated in *In re McCain*:

> While it is true that the United States Supreme Court has instructed that courts should afford some leniency regarding pleadings filed by pro se litigants, the Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Baran v. Schram* (*In re Schram*), Nos. 00-A-00607, 00-B-10045, 2001 WL 837927, at *3 (Bankr. N.D. Ill. July 24, 2001) ("'Although civil litigants who represent themselves ('pro se') benefit from various procedural protections not otherwise afforded to attorney represented litigant[s] . . . pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines.'") (quoting *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994)). "Ignorance or carelessness on the part of the litigant or his attorney will not allow a party to prevail on a motion for relief under Rule 60(b)(1)." *In re Schram*, 2001 WL 837927, at *3.
>
> While the Court certainly recognizes that undertaking the task of litigating a matter as a Pro Se litigant is sometimes difficult, this Court also must maintain the integrity of the system as a whole, including the timely disposition and decision of cases on its docket. The Court must also consistently and fairly apply the Court's rules to all parties, whether they are pro se or represented by counsel. If an individual chooses to pursue litigation as a pro se, that person has a responsibility to apprise themselves of the rules and requirements of the Court.

*In re McCain*, 353 B.R. at 464-65.

As to the argument made by the United States Department of Education that the Debtor's letter, if treated as a motion for a new trial or altering or amending judgment under Federal Rule of Civil Procedure 59, would not be timely, the Court agrees. Such motions must be filed no later than ten days after entry of judgment. Fed. R. Civ. P. 59(b), (e). Thus, were this Court to consider the Debtor's motion under this rule, the motion would necessarily be denied as untimely.

In summary, the Debtor fails to satisfy meet the threshold requirements under Federal Rule

of Civil Procedure 60(b), and even if the threshold burden had been met, the Debtor fails to satisfy the requirements that would allow the Court to grant the Motion to Reconsider under either Rule 60(b)(1) or Rule 60(b)(6). Thus, the Court finds that the Debtor has failed to carry her burden and show a sufficient legal basis to reopen this case. Further, even if the Court were inclined to grant the Motions to Reopen, the Court would find that the Debtor has not satisfied the standards for reconsideration under either Federal Rule of Civil Procedure 59 or 60, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 9023 and 9024.

A separate Order will issue.

The Clerk shall mail a copy of this Memorandum Opinion to Carolyn Hopkins; to counsel for the Educational Credit Management Corporation; and to counsel for the United States Department of Education.

Entered this 22nd day of June, 2009.

STEPHEN C. ST. JOHN
United States Bankruptcy Judge